## JUAN R. GARZOT ROMERO
### *v.*
## CENTRAL SAN CRISTOBAL.

---

San Juan, Equity, No. 788.

The exercise of the option of a suspension of cutting for a limited period
under the conditions prescribed in the cane-grinding contract between
a planter and a sugar factory in no way alters or affects the mutual
obligations of the parties, on the one hand to offer cane for grinding
with the required percentage of sucrose, and, on the other, to deliver
to the planter percentages of sugar of the required and contracted
degree of polarization.

Opinion filed July 2, 1912.

Romero v. Cristobal.

*Messrs. Hord & Scoville* for complainant.

*Mr. E. S. Paine* for defendant.

CHARLTON, Judge, delivered the following opinion:

Cane-grinding contracts in existence between colonos and sugar factories in the island of Porto Rico contain, as does the one here, individual, reciprocal provisions of obligation and of right. Upon the points here involved, there is the obligation on the part of the central to deliver to the colono sugar of a certain degree of polarization in a certain percentage to the gross weight of the cane delivered under the contract. If the sugar offered to the colono in payment for his cane does not reach the required degree of polarization, the colono is under no obligation to accept the same, except upon such readjustment of values as would fairly represent the equivalent in sugar offered, of what it should have been if the required degree of polarization had been reached.

On the other hand, the colono obligates himself to deliver canes to the central, which shall not fall below a certain degree of sucrose on the Baumé scale, and in case the cane offered by him falls below the contracted standard, the central is under no obligation to accept that cane, except on a readjustment of value equivalent to the difference between the sucrose in the cane offered and that contracted to be delivered.

The provision in the contract whereby a suspension of cutting is allowed, as in this case, for a limited period, is for the mutual benefit of the central on one side, but to a greater degree to the colono on the other side; and the fact that that option was ex-

ercised in this case, under conditions prescribed in the contract, in no way alters or affects the mutual obligations of the parties, on the one hand to offer cane for grinding with the required percentage of sucrose, and on the other to deliver to the colono percentages of sugar of the required and contracted degree of polarization.

The demurrer on that ground will therefore be sustained, and on the ground of an adequate remedy at law also; for the reason that it is a mere matter of dollars and cents, under the view which the court has heretofore taken. The demurrer will be sustained and the case dismissed without prejudice.